GREATER BOSTON TELEVISION CORPORATION, Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

WHDH, Inc., a Massachusetts Corporation, Intervenor.

WHDH, INC., Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Greater Boston Television Corporation, a Massachusetts Corporation, Intervenor.

Nos. 17785, 17788.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 26, 1963.

Decided April 16, 1964.

---

Before PRETTYMAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

In April, 1957, the Federal Communications Commission, after a long comparative hearing, awarded to WHDH, Inc., a construction permit for a television station on Channel 5 in Boston. Its findings were elaborate and detailed. They showed, *inter alia*, that one important factor for favoring WHDH on broadcast experience and for rating it favorably on civic participation and integration of ownership with management was the abilities and activities of its president, Mr. Choate. The award was appealed (Nos. 13896 and 13899). While the appeals were pending, suggestions were newly made that *ex parte* contacts with the Commission had been sought by some of the parties in the course of the Commission proceedings. After briefs and argument the court announced [1] that it found no error in the award but that the newly suggested *ex parte* contacts must be explored, and it remanded the case for that limited purpose, retaining jurisdiction.

After some complicated procedural steps,[2] including an intensive hearing before the Honorable Horace Stern as Special Hearing Examiner, the Commission set aside the award to WHDH, reconsidered and reevaluated the applicants in light of the new factors, and again awarded the construction permit to WHDH. In the course of this reexamination the Commission, contrary to its Special Hearing Examiner, found that Choate had made improper, but ineffectual, approaches to the Commission Chairman and ascribed a demerit to WHDH on that account. At the same time, and in the same order, the Commission also awarded WHDH a four-month operating license for the station.[3]

1. Massachusetts Bay Telecasters v. Federal Communications Comm'n, 104 U.S. App.D.C. 226, 261 F.2d 55 (1958).

2. See Massachusetts Bay Telecasters, Inc. v. Federal Communications Comm'n, 111 U.S.App.D.C. 144, 295 F.2d 131, *cert. denied,* WHDH, Inc. v. F. C. C., 366 U.S. 918, 81 S.Ct. 1094, 6 L.Ed.2d 241 (1961).

3. WHDH had been on the air from the station since November, 1957, operating on

an informal, or permissive, temporary authority issued after the Commission granted it a construction permit on the basis of the initial comparative hearing. In view of this fact and "the inroads made by WHDH upon the rules governing fair and orderly adjudication," the Commission was in 1962 reluctant to grant WHDH a full three-year term to its formal license; rather the Commission wanted to

This was in September, 1962. The appeals now pending before us are from that decision. Thus there are now before the court for review (1) the 1957 award of the construction permit to WHDH and (2) the 1962 award of the four-month operating license to WHDH.

■ The court is now advised that Mr. Choate died on December 21, 1963, after these appeals had been argued. We conclude that under such circumstances the proceedings should be remanded to afford the Commission opportunity to consider whether and to what extent these changed conditions affect the awards to WHDH.[4] This is indicated in a case where, as here, awards appear to have been made upon a close margin in a closely contested comparative consideration and because the Commission's findings reflect that the late Mr. Choate was an important factor favorable to WHDH and also was the cause of the demerit against that applicant. Obviously the resultant net assay is initially for the Commission. The case will therefore be remanded for such reconsideration.

The original awards of the construction permit and of the four-month license are before the court in the pending appeals, but when the remand presently ordered is effectuated those awards will again be before the Commission for reconsideration. The court does not prescribe the course or form of the proceeding on reconsideration, nor does it intimate any suggestion as to its result, e. g., whether these initial awards be given one or the other of the present parties or whether no such awards be now given.

The proceeding for renewal of WHDH's license [5] is also before the Commission; [6] that subject is not now and has never been before this court. Clearly whatever changes may be wrought in the affairs and prospects of WHDH by the death of Mr. Choate may be pertinent both to the reconsideration of the initial awards and to the renewal proceedings. The public interest determinations, as they rest on the relevant preferences and demerits of WHDH, now must be considered in terms of the absence of Mr. Choate.

■ Under such circumstances, if the Commission deems it to be in the public interest for the sake of efficiency, economy and expedition to combine some or all of the features of these two proceedings into one proceeding, or to conduct the two simultaneously, the Commission is hereby authorized to consider such procedure as within the authority of this remand.[7] The court will retain jurisdiction of the cases.

Remanded for further proceedings consistent with this opinion.

---

bring the operation of the station before it for early reappraisal. Therefore it set the term of the license at four months. The four months expired. WHDH applied for renewal. Other applicants applied. A comparative hearing upon the renewal application and its competitors has been set and is under way before the Commission.

4. See, e. g., Fleming v. Federal Communications Comm'n, 96 U.S.App.D.C. 223, 225 F.2d 523 (1955).

5. Of course the renewal proceedings assume an initial license to WHDH. If on reconsideration upon this remand the Commission decides not to award the initial license to WHDH, the renewal proceedings lose their appropriateness.

6. See note 3, *supra.*

7. Without in any way intimating a directive to the Commission as to the formal procedural steps it may take in the several proceedings which will be before it after this remand, we point out that it appears to us that difficulties may be encountered in any formal consolidation of the remanded proceedings and the renewal proceedings; e. g., the parties are different. But it also appears to us that, since the evidence as to the merits and demerits of WHDH, absent Mr. Choate, on all the various features of the operation material to the award may be long and involved, and since that evidence might well be material to both proceedings (remanded and renewal), the Commission could appropriately adopt a procedure which would permit the taking of this evidence only once. The same might apply to any other evidence, and any argument, common to both proceedings.